# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | CIVIL CASE<br>FILE NO. |
| Plaintiff, | ) | |
| v. | )<br>) | |
| RKC LAND DEVELOPMENT, INC.,<br>and ROBERT K. CARTER JR.,<br>an individual, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | **C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"),brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have RKC Land Development, Inc., ("RKC Land Development") and Robert K. Carter Jr., an individual, enjoined from violating the provisions of §§ 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime wages, together with an equal amount as liquidated damages.

## I. JURISDICTION

1. This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act, 28 U.S.C. §§ 1331 (federal question), and 1345 (United States as plaintiff), to enjoin violations of the Act and to restrain the withholding of back wages due under the Act; and by 28 U.S.C. § 1345 to award additional amounts equal to back wages due as liquidated damages under § 16(c) of the Act, 29 U.S.C § 216(c).

2. Venue lies in the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the instant claims occurred in this district

## II. PARTIES

1. Defendant RKC Land Development, at all times hereinafter mentioned, has been a Florida corporation licensed to do business in the State of Florida with a principal place of business at 13756 79th Court North West Palm Beach (Palm Beach County), Florida 33412.

2. Defendant, Robert Carter, an individual doing business in Palm Beach County, Florida, at all times hereinafter mentioned has been the President and the sole owner of RKC Land Development, had operational control over its employees, and acted directly or indirectly in the interest of the aforesaid RKC

Land Development, in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

### III. COVERAGE

At all times hereinafter mentioned:

1. Defendants RKC Land Development and Robert Carter Jr. ("Defendants" collectively), engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

2. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

### IV. FACTUAL ALLEGATIONS

1. Since July 11, 2018, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating

such employees, including heavy machine operators, for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

    2.    Since June 11, 2018, Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

    3.    Defendants and Plaintiff entered into a tolling agreement whereby the parties agreed that the statute of limitations set forth at § 6 of the Portal-to-Portal Act, 29 U.S.C. § 255, would be tolled in this matter beginning on the date the tolling agreement was signed. This tolling agreement was signed by both parties states that the statute of limitations was tolled beginning on July 13, 2020.

## PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, its agents, servants, employees and all persons in active concert or participation with it from violating the provisions of §§ 7(a), and 11(c) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of two (2) years prior to the commencement of this action, and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 10th day of January 2023.

<u>ADDRESS</u>:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303

TELEPHONE:(404) 302-3927
FACSIMILE:  (404) 302-5438
Email:
Brown.dwayne.a@dol.gov
Atl.fedcourt.@dol.gov

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

JEREMY FISHER
Counsel


BY: *Dwayne A. Brown Jr.*
    DWAYNE A. BROWN JR.
    Trial Attorney


U.S. Department of Labor
Attorneys for Plaintiff

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, SW
Room 7T10
Atlanta, GA 30303
Brown.dwayne.a@dol.gov
atl.fedcourt@dol.gov

SOL Case No.  21-00203